**In re J.R., Jr.**, A Minor.
Appeal No. 94-002
Juvenile Cases No.
92-050 & 93-026
Traffic Case No. 93-3012
February 13, 1995

Submitted on Briefs January 27, 1995

Counsel for appellee: Alan B. Gordon, Assistant Attorney General, Saipan.

Counsel for appellant: Daniel J. DeRienzo, Public Defender, and Christine B. Matson, Assistant Public Defender, Saipan.

BEFORE: DELA CRUZ, Chief Justice, and VILLAGOMEZ and ATALIG, Justices.

PER CURIAM:

■ We have reviewed the issues raised by the juvenile ("J.R.") and are satisfied that the court order deferring a fifty-day juvenile detention order was not an abuse of discretion.

■ We agree with J.R. that the purpose of juvenile proceedings is to rehabilitate a child found to be delinquent. Com. R. Juv. Del. P. 1 ("The ultimate aim of all concerned should be to assist the child to become a wholesome member of the community"). A delinquent child who refuses to obey the conditions of his probation may, however, be ordered to be placed in a secure-care facility if stricter supervision and counseling of the child are warranted, and, where appropriate, to secure the safety of the child and of others. 6 CMC § 5107.

J.R. has previously been arrested twice for reckless driving. He has also been found to have falsified his age to obtain a driver's license when he was fifteen years of age. Notwithstanding these past violations, he was placed on probation with the express condition that he not drive a car. He also violated this condition.

To impress on J.R. that he should obey the law and comply with the conditions of his probation, the court ordered him to be placed in juvenile detention for fifty days. The order imposing juvenile detention was suspended, however, because the juvenile detention facility was not operable. J.R. was thus placed again on probation. He was given the opportunity to seek reconsideration of the detention portion of the order when the juvenile facility became operable.

■ We reject the argument that, because it was indefinitely suspended, the detention order constitutes cruel and unusual punishment. A juvenile court has the discretion to revoke probation and impose detention in a secure-care facility when this would impress the child to mend his ways. The suspension, in effect, allowed J.R. to remain on juvenile probation.

■ Finally, we are not persuaded, after reviewing the record, that the evidence does not warrant J.R.'s placement in detention.

The order of the juvenile court is **AFFIRMED**.